IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PFLIPSEN, )<br>)<br>　Plaintiff, )<br>)<br>vs. )<br>)<br>RITA'S MEXICAN COCINA, LLC, )<br>and STEIN REAL I FAMILY LIMITED )<br>PARTNERSHIP, )<br>)<br>　Defendants. ) | CIVIL ACTION<br><br>FILE No. 5:20-cv-496 |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendants RITA'S MEXICAN COCINA, LLC, and STEIN REAL I FAMILY LIMITED PARTNERSHIP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all

1

times relevant to the instant matter, a natural person residing in San Antonio, Texas (Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant RITA'S MEXICAN COCINA, LLC (hereinafter "Rita's"), is a Texas limited liability company that transacts business in the state of Texas and within this judicial district.

8. Rita's may be properly served with process via its registered agent for service, to wit: Chong-Hui Pae Xac, 6406 Bandera Road, San Antonio, Texas, 78238.

9. Defendant STEIN REAL I FAMILY LIMITED PARTNERSHIP

(hereinafter "Stein Real") is a for profit limited partnership that transacts business in the state of Texas and within this judicial district.

10. Stein Real may be properly served with process through its registered agent, to wit: Steinreal Corp., 2250 Thousand Oaks, Suite 100-102, San Antonio, Texas 78232.

## FACTUAL ALLEGATIONS

11. On or about November 27, 2019, Plaintiff was a customer at "Rita's Mexican Cocina" a business located at 6406 Bandera Road, San Antonio, Texas 78238, referenced herein as the "Rita's."

12. Rita's is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13. Steinreal is the owner or co-owner of the real property and improvements that the Rita's is situated upon and that is the subject of this action, referenced herein as the "Property."

14. Plaintiff lives approximately 4 miles from the Rita's and Property.

15. Plaintiff's access to the business(es) located at 6406 Bandera Road, San Antonio, Bexar County Property Identification number 217670 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Rita's and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months after the barriers are removed to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends to revisit the Rita's and Property to purchase goods and/or services.

18. Plaintiff travelled to the Rita's and Property as a customer and as an independent advocate for the disabled, encountered or were made aware of the barriers to access at the Rita's and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Rita's and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a

4

       serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    \* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Rita's is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. The Rita's must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Rita's and the Property in his capacity as a customer of the Rita's and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Rita's and Property that preclude and/or limit his access to the Rita's and Property and/or the goods, services, facilities, privileges, advantages and/or

6

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Rita's and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Rita's and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Rita's and Property that preclude and/or limit his access to the Rita's and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Rita's and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Rita's and Property, including those specifically set forth herein, and make the Rita's and Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and

7

ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Rita's and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Rita's and Property include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i) Near Unit 6418, there are two accessible parking spaces that are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(ii) Near Unit 6418 there are three accessible parking spaces missing access aisles in violation of section 502.3 and 502.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to exit and enter his vehicle when parked in theses accessible parking spaces.

(iii)    Near Unit 6418, there are three accessible parking spaces that do not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iv)    Near Unit 6418, there is an excessive vertical rise along the accessible route or path where the parking lot meets the Chattahoochee surface, in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(v) Near Unit 6418, due to the presence of stairs with no nearby ramp, the Property lacks a single accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(vi) Accessible parking spaces are not properly located and/or distributed on the Property in violation of section 208.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(ix)     The Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(x) The Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to the fact that a vehicle parked in the accessible parking space will block the accessible ramp, in violation of section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xi)    Across from Rita's, there is at least one accessible parking space that does not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xii)   Across from Rita's, the accessible parking space is missing a proper identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii) Across from Rita's, the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xiv) Near Rita's, there is an excessive vertical rise at the top of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xv) Inside Rita's, the to-go/take-out counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of section 904.4 of the 2010 ADAAG standards, all portions of the to-go/take-out counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xvi) Inside Rita's, there are area of the restaurant that are not accessible due to stairs with a rise of approximately eight inches with no nearby ramp. As a result, the Property lacks an accessible route connecting all accessible elements and features inside the Property in violation of section 206.2.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xvii) Due to the policy of the operator/tenant as to where to place chairs in the restaurant near the freezer, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width in violation of section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features in the Property.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

### RITA'S CANTINA'S BATHROOM'S

(i) The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend at least 24 inches from the centerline of the toilet. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii) The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Rita's and Property.

36. Plaintiff requires an inspection of Rita's and Property in order to determine all of the discriminatory conditions present at the Rita's and Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring the Rita's and Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Rita's and Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Rita's and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, the Rita's and Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Rita's and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to

modify the Rita's and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Rita's in violation of the ADA and ADAAG;

(b) That the Court find Colonnade III in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Rita's to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: April 23, 2020.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com